IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **NASIM GHEBARI**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 17 C 728 |
| **JEFFERSON CAPITAL SYSTEMS, LLC**, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Nasim Ghebari ("Ghebari") has brought this action under the Fair Debt Collection Practices Act (the "Act") to charge Jefferson Capital Systems, LLC (" Jefferson Capital") with having violated that statute by having sent Ghebari a communication that his counsel has attached as Ex. A to the Complaint. This memorandum order is issued sua sponte because of what appears to be a problematic aspect of Ghebari's lawsuit.

As is appropriate at this threshold stage of the litigation, this Court credits Ghebari's Complaint allegations. What he has said in Complaint ¶ 13 is that the Ex. A communication referred to an asserted indebtedness that a Jefferson Capital representative, in a telephone conversation initiated by Ghebari upon receiving Ex. A, told him had "originated from a consumer credit card he [Ghebari] incurred over 17 years ago." Ghebari then goes on to allege in Complaint ¶ 14:

> Due to the extreme age of the subject consumer debt, Plaintiff does not recall ever incurring this obligation.

And then Ghebari proceeds to assert in Complaint ¶ 16:

> Confused over the validity of the subject consumer debt, as well as Defendant's ability to collect on the same, Plaintiff spoke with Sulaiman [the law firm that has since filed this action on Ghebari's behalf] regarding his rights.

What has given this Court pause is the nature of Jefferson Capital's communication (the only one it sent to Ghebari), which reads in relevant part:

> We would like to offer you options to resolve your account.
>
> This information is not legal. The law limits how long you can be sued on a debt. Because of the age of your debt, we (Jefferson Capital Systems) cannot sue you for it and we will not report it to any credit reporting agency. In many circumstances, you can renew the debt and start the time period for the filing of a lawsuit against you if you take specific actions such as making certain payment on the debt or making a written promise to pay. You should determine the effect of any actions you take with respect to this debt.

It appears to this Court that even the least sophisticated consumer, upon receiving that communication, should have gotten its clear messages (1) that the claimed indebtedness was so old that it could not be a basis for a lawsuit against the consumer (here Ghebari) and, moreover, (2) that Jefferson Capital's disclaimer of sending any report to a credit reporting agency would mean that the consumer's credit rating would not be affected by Jefferson Capital's having gotten in touch with him. To be sure, although Ex. A goes on to offer some opportunities to pay the claimed indebtedness if the consumer wishes to do so, again it would seem that the presumptively unsophisticated consumer would understand that he had no obligation to do anything other than pitch the communication into a wastebasket if he wanted to do so.

That said, this Court will not dismiss this lawsuit out of hand. Instead it sets an initial status hearing at 9:15 a.m. February 10, 2017 to give Ghebari's counsel an opportunity to articulate just why the Jefferson Capital communication should be viewed as actionable under the Act.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 3, 2017